IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| VICTOR WALTHOUR | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-1690 |
| | : | |
| JOHN HERRON | : | |
| Defendant. | : | |

## OPINION

**Slomsky, J.** April 7, 2011

## I. INTRODUCTION

Plaintiff Victor Walthour has filed a *pro se* Complaint against the Honorable John W. Herron alleging violations of his civil rights under the Fourteenth Amendment to the United States Constitution.[1] (Doc. No. 1.) Plaintiff alleges that Judge Herron infringed upon his civil rights when he removed Plaintiff as the guardian of his wife Rosalyn Walthour in a March 24, 2010 Court Order entered into the Orphan's Court Division of the Philadelphia Court of Common Pleas, In Re Rosalyn P. Walthour, an Incapacitated Person, O.C. No. 520 IC of 2004 (the "Herron Order"). Plaintiff asks the Court for an injunction barring Judge Herron from future decisions in connection with his wife, and for the imposition of a fine in the amount of $10,000 per day until Plaintiff is reinstated as the guardian of Rosalyn Walthour's person. (Doc. No. 1 ¶ V.)

The Herron Order is attached to the Complaint and explains that Plaintiff's wife is

---

[1] Although the Complaint does not state explicitly, construing the Complaint liberally as the Court is obliged to do with a *pro se* Plaintiff, see Haines v. Lerner, 404 U.S. 519, 520 (1972), the Court assumes the Claim is brought pursuant to 42 U.S.C. § 1983.

incapacitated and is the beneficiary of a trust for her care and maintenance, which is worth approximately $9,649,643. (Doc. No. 1-2.) On February 16, 2010, Judge Herron held a hearing regarding the proposed spending plan under Mrs. Walthour's trust. See Walthour v. Herron, No. 10-1495, 2010 WL 1877704, at *1 (E.D. Pa. May 6, 2010). After the hearing, Judge Herron Ordered that Plaintiff be removed as co-guardian of his wife's estate because the proposed spending plan was wasteful of Mrs. Walthour's assets. Id. Shortly thereafter, on March 29, 2010, Plaintiff filed a complaint with this Court against Judge Herron alleging violations of 42 U.S.C. §§ 1983, 1985, 1986 and 3631. (See Walthour v. Herron, No. 10-1495, Doc. No.1.) Predicated on the very same facts that form the basis of the instant Complaint, that claim alleged that Judge Herron "signed [a] decree removing Victor Walthour as guardian of Rosalyn Walthour." (Id. ¶ III.C.) Plaintiff sought the removal of Judge Herron from his judicial duties and an award of "everything [Judge Herron] has now and in the future." (Id. ¶ V.) On May 6, 2010, this Court issued an Order and accompanying Opinion dismissing Plaintiff's Complaint because Plaintiff failed to state a claim on which relief could be granted, and because Judge Herron was entitled to absolute Judicial Immunity. (Walthour v. Herron, No. 10-1495, Doc. No.7-8.)

As noted, on March 9, 2011, Plaintiff filed the instant Complaint. On March 23, 2011, Defendant Judge Herron filed a Motion to Dismiss Plaintiff's Complaint and accompanying Memorandum (Doc. No. 4). On March 31, 2011, Plaintiff filed a response (Doc. No. 6). For reasons that follow, the Court will grant Defendant's Motion to Dismiss and dismiss the instant Complaint (Doc. No. 1).

## II.   LEGAL STANDARD

Defendant has moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6). "When a motion to dismiss is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction the accompanying defenses become moot and need not be addressed." Cellco Partnership d/b/a Verizon Wireless and Onstar, LLC v. Dealers Warranty, LLC, No. 9-1814, 2010 WL 3946713, at *3 (D.N.J. Oct. 5, 2010) (quoting Wyeth and Cordis Corp. v. Abbot Labs., No. 8-230, 2008 WL 203685, at *2 (D.N.J. May 8, 2008)); see also Tagayun v. Stolzenberg, 239 Fed. Appx. 708, 710 (3d Cir. 2007) ("An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case."); McCurdy v. Esmonde, 2003 WL 223412, at *4 (E.D. Pa. Jan. 30, 2003) ("Without jurisdiction the court cannot proceed at all in any cause.") (citing Steel Co. V. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

Federal Rule of Civil Procedure 12(b)(1) states:

> (b) How to Present Defenses.
> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion ... (1) lack of subject-matter jurisdiction.

Fed. R. Civ. P. 12(B)(1). Challenges to subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual. Smith v. Rebstock, Slip Copy, 2011 WL 1235142, at * [ ] (E.D.Pa. 2011) (citing Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir.2009)). "Facial attacks, like those presented in this case, 'contest the sufficiency of the pleadings, and the trial

court must accept the complaint's allegations as true.'" Id.

### III. JUDICIAL IMMUNITY

Judge Herron is entitled to judicial immunity for all claims against him in his personal capacity. As this Court held in the Opinion dismissing Plaintiff's prior claims against Judge Herron, a "judicial officer, in the performance of his duties as a judge, is absolutely immune from suit in his personal capacity and is not liable for his judicial acts. "Walthour, 2010 WL 1877704, at *5 (citing Azbuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (*per curiam*)). A judge will not be deprived of his judicial immunity even if his actions were in error, or in excess of his authority, or were taken with malice. Id. (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Azbuko, 443 F.3d at 303.) "[O]nly when he has acted in the 'clear absence of all jurisdiction'" will a judge be subject to liability. Stump, 435 U.S. at 356-57.

The allegations in Plaintiff's Complaint are predicated upon judicial acts that were clearly taken in the performance of Defendant's duties as a judge. Plaintiff has not alleged any facts to suggest otherwise. Judge Herron is entitled to judicial immunity for all claims against him in his personal capacity and his Motion to Dismiss will be granted on this basis.

### IV. ELEVENTH AMENDMENT IMMUNITY

As a presiding judicial officer of the Court of Common Pleas of Philadelphia County, an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa.C.S. § 301(4), Judge Herron is entitled to a dismissal of the claims brought against him in his official capacity, pursuant to the Eleventh Amendment.

"[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Smith v. Rebstock, Slip Copy, 2011 WL 1235142, at * 1 (quoting

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n. 2 (3d Cir.1996)). "As a result, a motion to dismiss on Eleventh Amendment grounds 'may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).'" Id. The Eleventh Amendment proscribes actions in the federal courts against states and their agencies regardless of the relief sought. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981); Copogrosso v. Supreme Court of New Jersey, 588 F.3d 180 (3d Cir. 2005). When a state official is sued in his official capacity, the real party of interest is the government entity of which the official is an agent. Hafer v. Melo, 502 U.S. 21, 26 (1991). Therefore, a suit against a state official in his official capacity is in actuality a suit against a state entity, which is entitled to Eleventh Amendment immunity.

Here, the claim against Judge Herron in his official capacity is in actuality a lawsuit against the Philadelphia County Court of Common Pleas. The Third Circuit has expressly held that Pennsylvania's courts are entitled to Eleventh Amendment immunity, Benn v. First Judicial District, 426 F.3d 233, 239-40 (3d Cir. 2005), and that Pennsylvania has not waived its Eleventh Amendment immunity, Laskaris, 661 F.2d at 25. Therefore, Judge Herron is entitled to Eleventh Amendment immunity and the claims against him in his official capacity will be dismissed.

**V.     CONCLUSION**

For the aforementioned reasons, the Court will grant Defendant's Motion to Dismiss and Plaintiff's Complaint will be dismissed in its entirety. An appropriate Order follows.